IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARIVIC R. REIGHARD,

    Plaintiff,

v.                                  CIVIL ACTION NO. _____

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendant for the following:

1. The Plaintiff is currently a resident of Pennsylvania. At the time this cause of action arose, she was a resident of the State of Virginia and, specifically, the Eastern District of Virginia.

2. The care at issue in this case was performed at United States Air Force Hospital Langley by Dr. Arthur Greenwood.

3. Followup care was received at United States Air Force Hospital Langley and Naval Medical Center Portsmouth.

4. The original surgery was performed on or about December 21, 2017.

5. The Form 95 was filed on or about February 12, 2019, and the government acknowledged receipt of the claim on February 27, 2019.

6. More than six months have elapsed since the Form 95 was filed, and the matter has not been resolved.

7. The Defendant is the proper Defendant pursuant to 28 U.S.C. § 1346 (the Federal Torts Claim Act) as the heatlhcare providers providing care to the Plaintiff were employees/agents of the United States of America at the time they treated the Plaintiff.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of this action arose within the Eastern District of Virginia, Newport News Division, specifically, at United States Air Force Hospital Langley.

10. On or about December 21, 2017, the Plaintiff had a vaginal hysterectomy performed at United States Air Force Hospital Langley by Dr. Arthur Greenwood.

11. At all times, Dr. Greenwood was an employee of the United States of America and at all relevant times was working within the scope of his employment for the United States of America.

12. At all times, the physicians who saw Mrs. Reighard when she was readmitted to United States Air Force Hospital Langley on December 23, 2017, were also employees of the United States of America working within the scope of their employment for the United States of America.

13. At all times, Dr. Greenwood and the other physicians who saw Mrs. Reighard at United States Air Force Hospital Langley between December 23, 2017 and December 26, 2017, had an obligation to provide the

Plaintiff that degree of care and skill of a reasonably prudent physician practicing in Virginia at that time.

14. Notwithstanding said obligations, Dr. Greenwood and the other physician employees of the United States breached their duties to the Plaintiff in that, among other things:

    (a) Dr. Greenwood injured the Plaintiff's bowel during this procedure but failed to tell her;

    (b) Dr. Greenwood attempted to repair the bowel himself but did so in a careless and reckless manner in that, among other things, he simply tried to stitch the bowel and did not call in a surgeon to help him, nor did he apparently recognize that stitching the bowel was going to be wholly ineffectual to fix the problem; and

    (c) Despite knowing that Dr. Greenwood had injured the Plaintiff's bowel during the original operation and despite the fact that the physicians who saw Mrs. Reighard between December 23 and 26, 2017, at United States Air Force Hospital Langley knew or should have known that the injury would continue to worsen over the next few days because it was a thermal injury, when the Plaintiff returned to the hospital with complaints of bloating, pain, and urinary retention, there was no immediate recognition of the injury and days went by before the Plaintiff was finally treated.

15. As a direct result of the negligence of Dr. Greenwood and others employed by the United States of America, the Plaintiff has suffered significant injuries which have resulted in her having to undergo numerous operations and suffer great pain, mental anguish and emotional trauma. Additionally, the Plaintiff has been unable to work at her calling or carry on her normal day-to-day affairs because of her injuries. It is anticipated that the Plaintiff's injuries are permanent in that she will continue to suffer for the rest of her life and need periodic treatment for the rest of her life.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendant in the amount of SIX MILLION FOUR HUNDRED FIFTY THOUSAND FIVE HUNDRED THIRTY-SEVEN DOLLARS ($6,450,537.00), plus pre and post-judgment interest, plus all of her costs in proceeding with this matter.

MARIVIC R. REIGHARD

By_____
Of Counsel

Robert J. Haddad, Esquire (VSB No. 22298)
RULOFF, SWAIN, HADDAD, MORECOCK,
 TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23452
(757) 671-6036
Fax: (757) 671-6004
rhaddad@srgslaw.com

4